SHIRLEY A. LAWSON *v.* STATE OF INDIANA.

[No. 277S59.  Filed March 3, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

PRENTICE, J.—After trial by jury, the defendant (appellant) was convicted of Second Degree Murder, Ind. Code § 35-1-54-1 (Burns 1975), and was sentenced to life imprisonment. This belated appeal, pursuant to Ind. R.P.C. 2, presents the following issues:

(1) Whether the verdict is sustained by sufficient evidence.

(2) Whether the trial court erred in admitting a knife into evidence over Defendant's objection that it lacked relevance.

(3) Whether the Supreme Court, under the circumstances of this case, should exercise its constitutional power to review and revise sentences and reduce the defendant's sentence from life imprisonment to not less than fifteen nor more than twenty-five years.

## ISSUE I

The evidence most favorable to the State indicates that on the day of the killing, the defendant, with other women companions, was drinking and visiting in the home of a friend. Among those present, was Mary Ricketts. Mary and the decedent, Raymond Moore, were not married but were living together. He came to the house and instructed Mary to go home with him. She proceeded to finish her drink, and he indicated his impatience with her. The defendant told Mary that she did not have to go home, and an argument followed between the decedent and the defendant, in the course of which she called him a son of a bitch. The deceased then hit

the defendant and knocked her to the floor. She got up, went to the kitchen, took a butcher knife from a drawer and attacked him. One of the other women present who had followed her into the kitchen told her to put it down, but she charged the defendant with it.

The deceased picked up the chair and kept it between himself and the defendant, and backed out the door to a porch. As he backed onto the porch, he fell to the ground and dropped the chair. The defendant jumped off the porch and onto the decedent. He was on his back on the ground with his knees drawn up, struggling to get the knife, and the defendant was straddled on top of him. She stabbed the deceased, as Mary watched. Mary implored her not to do it again, and she replied, "I'll kill the son of a bitch. He hit me."

When the sufficiency of the evidence is raised upon appeal, this Court will consider only that evidence which is favorable to sustain the judgment below, together with all reasonable inferences to be drawn therefrom. If the evidence is such that a reasonable trier of fact could find each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed. *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831. It is not this Court's province to judge the relative weight of the evidence or the credibility of the witnesses. *Rosell* v. *State,* (1976) 265 Ind. 173, 352 N.E.2d 750.

The defendant appears to be concerned primarily with the absence of evidence supportive of the existence of the malice requisite to a conviction for second degree murder, as she directs our attention to her testimony that she was in fear for her own safety because of the decedent's attack upon her. However, the jury was not bound to believe her testimony, and the circumstances, as related by other witnesses, were consistent with the existence of malice. Malice may be inferred from the circumstances in evidence

and the use of a deadly weapon in a manner likely to result in death. *Aubrey* v. *State,* (1974) 261 Ind. 531, 307 N.E.2d 67, *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686. This Court has, upon a few occasions, reversed judgments where the requisite malice could be inferred only from the use of a deadly weapon, without more, and other evidence was unrefuted and reasonably supported a finding that the use of the weapon was accidental or provoked by anger, fear or other unreasoning or overmastering state of mind. Under such circumstances, it cannot be said that the inference of malice is reasonable. Here, however, not only did other evidence support the inference of malice, but the only evidence that the use of the weapon was provoked by an unreasoning or overmastering state of mind was entirely subjective, i.e. a defendant's testimony as to her own state of mind. Under the circumstances of this case, it cannot be said that the inference of malice could not have been reasonably drawn.

## ISSUE II

A knife, which had been found by railroad tracks close to the scene of the crime, was turned over to the police. The blade was tested and found to have traces of type A human blood. Ms. Cook, who resided in the house where the stabbing occurred, identified the knife as one which came from a cabinet in her house. This knife was admitted into evidence over defendant's objection that it lacked relevance.

. In *Magley* v. *State,* (1975) 263 Ind. 618, 335 N.E.2d 811, the defendant was convicted for the armed robbery of a Clark gasoline station. A book of matches bearing the Clark Motor Oil emblem was admitted at his trial. The book of matches had been found in a car which Defendant had borrowed from a neighbor on the night of the crime. Even though there were numerous Clark stations in the area, including one in the defendant's neighborhood, this Court held the matchbook

to be relevant, stating, "The fact that a piece of evidence makes an inference slightly more probable suffices to show its relevance." 263 Ind. at 641.

Here, the fact that a knife which came from the scene of the crime was found nearby and to have traces of human blood upon it is relevant under the test used in *Magley, supra,* in a prosecution for murder in which the evidence indicates that the killing was accomplished with a knife.

## ISSUE III

Finally, defendant urges this Court to review her life sentence, and to reduce it to a sentence of not less than fifteen nor more than twenty-five years imprisonment, upon the authority of Article 7, § 4 of the Constitution of Indiana.

Defendant was convicted in 1967, at which time the constitutional power of the Indiana Supreme Court to review and revise sentences was not in effect. Since 1970, when Indiana's Constitution was amended to provide this power, this Court has refused to employ it. *See, Delph* v. *State,* (1975) 263 Ind. 385, 332 N.E.2d 783.

This Court has recently promulgated rules for the Appellate Review of Sentences, establishing the standards to be used in the exercise of the power to review sentences. These rules apply only to convictions after January 1, 1978.

Ind. R. App. Rev. S. 2 (1) states:

"The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender."

Although the rule is not applicable to the defendant, it can, nevertheless, be said that her sentence does not appear to us to be manifestly unreasonable.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J., Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 373 N.E.2d 128.