RICHARD HESTER *v.* STATE OF INDIANA.

[No. 377S242. Filed March 7, 1978.]

*Stephen M. Sherman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Jack R. O'Neill,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted by jury of second-degree murder and received an indeterminate sentence of 15 to 25 years.

The appellant and the decedent were at a party shooting dice when an argument occurred. As the appellant left the room the victim shouted an insult, whereupon the appellant returned to the room and shot and killed the victim. Although witnesses differed somewhat in some of the minor details, all witnesses agreed that appellant had left the room and returned at the time he fired the shot.

Appellant claims the trial court erred in refusing to give his tendered instructions 1, 6, 7 and 9. Appellant's tendered instructions 1, 6 and 7 were addressed to the question of reasonable doubt. Instructions 11 and 12, given by the court, correctly set out the law of reasonable doubt and covered the subject adequately. It therefore was not error for the trial court to refuse to give appellant's instructions 1, 6 and 7. *Patterson* v. *State*, (1975) 263 Ind. 55, 324 N.E.2d 482. Appellant's tendered instruction 9 covered the question of self-defense. In the case at bar the trial court adequately instructed the jury covering the subject generally in instructions 7, 10, 11, 12, 18 and 21. The trial court therefore did not err in refusing to give appellant's tendered instruction number 9.

Appellant next claims the State failed to negate the issue of self-defense. We do not weigh the evidence or determine the credibility of the witnesses. To do so would invade the province of the jury. This Court will look to the evidence most favorable to the State and any logical inference to be drawn therefrom and will sustain a conviction if there is substantial evidence of probative value to support the verdict. *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776. There is no requirement for the State to specifically introduce evidence to refute the elements of self-defense. Such may be done by the evidence in its entirety in the State's case in chief. *Jennings* v. *State*, (1974) 262 Ind. 476, 318 N.E.2d 358. In the case at bar there was ample evidence from which the jury could deduce that the appellant did not act in self-defense, but in fact was the aggressor in causing the death of the decedent.

The trial court is therefore, in all things, affirmed. De-Bruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 373 N.E.2d 141.