VIRGINIA JO HARRIS *v.* STATE OF INDIANA.

[No. 478S76. Filed November 30, 1978. Rehearing denied February 22, 1979.]

Thomas G. Krochta, Rice & VanStone, of Evansville, for appellant.

Theodore L. Sendak, Attorney General, Elmer Lloyd Whitmer, Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Virginia Jo Harris, was convicted of second-degree murder and sentenced to fifteen to twenty-five years' imprisonment. Upon her appeal to this Court, she raises four issues for our review:

1. Did the state produce sufficient evidence to show that the defendant did not act in self-defense?

2. Was the evidence sufficient to support the existence of malice?

3. Did the trial court err in refusing to give the defendant's instruction on circumstantial evidence?

4. Did the trial court err in allowing the jury to see and hear certain items of evidence again after deliberations had begun?

The defendant and the deceased, Wilbur Hackner, had dated each other; after about a two-month split-up, Hackner called the defendant on the telephone and told her that he was going to come to her home to pick her up. Hackner did come for the defendant, and she went with him to his apartment. According to the defendant's testimony, an argument ensued in which she was threatened by Hackner. She picked up a gun which was lying on a table in order to keep Hackner away from her; when he continued to come after her, she shot him.

Despite the defendant's allegations that Hackner had beaten her on the day he was killed, defendant was not bruised or injured. And, contrary to her assertions that Hackner had been violent with her in the past, witnesses attested to the defendant's propensities for violence as well as Hackner's demonstrated restraint when he was previously attacked by the defendant. Hackner was a police officer and was skilled

in the martial arts. The defendant argues that because of the vast difference in size between Hackner and herself, as well as Hackner's specialized training, the use of a gun in defending against his attack did not constitute unreasonable force.

## I.

The defendant first presents two questions which revolve around the allegation that the evidence was insufficient to support the conviction. Because the two questions are related, we shall discuss them together. And, when faced with a sufficiency of the evidence problem upon appeal, we are constrained to consider the facts which support the verdict along with all reasonable inferences which can be drawn from those facts. *Baker* v. *State*, (1973) 260 Ind. 618, 298 N.E.2d 445.

The defendant asserts that the state did not produce sufficient evidence to show that she did not act in self-defense. It is true that the burden is upon the state to prove the absence of self-defense. *Banks* v. *State*, (1971) 257 Ind. 530, 276 N.E.2d 155. However, this burden may be accomplished not only by rebuttal but also by an affirmative showing, within the state's case in chief, that the defendant was the probable aggressor and that she had no sufficient basis to believe that she was in danger of death or bodily harm. *See Nelson* v. *State*, (1972) 259 Ind. 339, 287 N.E.2d 336. Here the evidence was conflicting as to past confrontations between the defendant and Hackner. There was some testimony that the defendant had attacked Hackner in the past and that Hackner did not return her violence. The resolution of this conflict in the evidence was within the function of the jury. *Nelson* v. *State, supra; Robinson* v. *State*, (1962) 243 Ind. 192, 184 N.E.2d 16. Furthermore, a jury is to look to the defendant's viewpoint considering facts relevant to self-defense, but the jury is not required to believe the defendant's evidence. *Starkey* v. *State*, (1977) 266 Ind.

184, 361 N.E.2d 902; *Williams* v. *State,* (1974) 262 Ind. 382, 316 N.E.2d 354. The state produced sufficient evidence to support the jury's conclusion that the defendant did not act in self-defense.

Next, the defendant argues that the evidence was insufficient to support the existence of malice, a necessary element in second-degree murder. Malice can be inferred by a jury from the circumstances of the activity involved in the crime, the relation of the parties, and the use of a deadly weapon in a manner likely to cause death. *Lindley* v. *State,* (1978) 268 Ind. 83, 373 N.E.2d 886; *Lawson* v. *State,* (1978) 267 Ind. 668, 373 N.E.2d 128; *Martin* v. *State,* (1978) 267 Ind. 583, 372 N.E.2d 181. A reasonable inference of guilt, sufficient upon which to base a conviction, must be more than a mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla. *Ruetz* v. *State,* (1978) 268 Ind. 42, 373 N.E.2d 152. In addition to the use of the gun, the jury heard evidence of the defendant's jealous attacks upon Hackner in the past. This pattern of conduct provided some probative evidence from which the jury could have inferred malice. Under the circumstances of this case, it cannot be said that the inference of malice could not have been reasonably drawn. *Lawson* v. *State, supra.* The defendant relies upon the case of *Shutt* v. *State,* (1977) 267 Ind. 110, 367 N.E. 2d 1376, for the proposition that where the evidence is circumstantial, every hypothesis of innocence must be excluded before the guilty verdict may stand. But, this Court has unanimously held in *Jones* v. *State,* (1978) 268 Ind. 640, 377 N.E.2d 1349, 1351, that:

"We do not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only whether an inference may reasonably be drawn therefrom tending to support the finding of the trial court. *McAfee* v. *State,* (1973) 259 Ind. 687, 291 N.E.2d 554."

The evidence was sufficient to support the existence of malice.

## II.

Next, the defendant contends that the trial court erred in refusing to give her tendered instruction on circumstantial evidence. The court did give two other instructions on circumstantial evidence, and the instructions which were given correctly stated the law. In addition, those instructions adequately conveyed to the jury that the facts and circumstances proved must exclude every reasonable theory or hypothesis of innocence before a finding of guilty is appropriate. The defendant's tendered instruction did not ask for more; however, it did incorrectly characterize the evidence in the case as "entirely circumstantial." Since the instruction was partially incorrect and since the contents of the instruction were adequately covered in other instructions which were given, the trial court did not err in refusing the instruction. *Sulie* v. *State,* (1978) 269 Ind. 204, 379 N.E.2d 455; *Hackett* v. *State,* (1977) 266 Ind. 103, 360 N.E.2d 1000.

## III.

Finally, the defendant asserts that the trial court erred in allowing the jury to see and hear certain items of evidence again after deliberations had begun. It is the defendant's contention that the second hearing of certain testimony bolstered its credibility to the defendant's detriment. It is unnecessary for this Court to speculate upon the possible advantages or disadvantages of allowing the jury to review evidence. We do point out that the defendant has cited no authority for her proposition that such reviewing of evidence by the jury is reversible error. Ind. Code § 34-1-21-6 (Burns 1973) provides:

"After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

*See Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188. Here, the parties were duly notified; and, after reviewing the transcript of the procedure utilized in allowing the jurors to hear the requested testimony again, we conclude that there was no undue emphasis placed upon the testimony.

For all of the foregoing reasons there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., Prentice and Pivarnik, JJ., concur.

DeBruler, J., concurs in result.

NOTE.—Reported at 382 N.E.2d 913.