**Albert J. KIZER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1178S271.

Supreme Court of Indiana.

July 25, 1979.

Joseph A. Williams, Fort Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant was convicted in a non-jury trial of Burglary, Class A, Ind.Code § 35–43–2–1 (Burns 1979), and sentenced to thirty years imprisonment. On direct appeal, he raises the following issues:

(1) Whether there was sufficient evidence that Defendant engaged in any conduct that would make him liable for the infliction of bodily injuries as charged.

(2) Whether the trial court erred in admitting into evidence a videotaped state-

ment made by the defendant while in police detention.

(3) Whether the trial court erred in imposing a thirty year sentence.

\*   \*   \*   \*   \*   \*

## ISSUE I

Burglary is punishable as a Class A felony only if it results in bodily injury to another person. The defendant admits guilt as to the burglary but asserts that there is insufficient evidence that he engaged in any conduct that would make him liable for the infliction of bodily injury.

■ As a court of review, we will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson v. State*, (1977) 266 Ind. 604, 365 N.E.2d 1218. Rather, we will look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom to determine whether a reasonable juror could have found the existence of each of the elements of the crime charged beyond a reasonable doubt. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

■ The record of this case, when viewed in that light, shows that the defendant and two companions broke into the residence of two elderly ladies. One companion, Davie Norris, beat and raped an 84 year old lady who slept downstairs, while the defendant and the other companion, Kenny Hogan, attacked a 60 year old lady who slept upstairs. The 60 year old lady stated that she was hit over the head and beaten two or three times, which caused a severe concussion, lacerations, broken bones, cut tendons, and numerous bruises. The three youths ransacked the house, stole a television set, and departed.

Defendant contends that the only evidence of his involvement in the burglary was his videotaped statement in which he describes the details of the burglary in substantial agreement with the above-stated recitation—with but one significant difference. He admits that, after leaving Norris with the older lady downstairs, he and Hogan went upstairs and were met by the other lady; but he contends that only Ho-

gan beat her and that he did not participate therein. Furthermore, he states, he begged his companions to leave the ladies alone. However, these parts of his statement are contradicted by the victim's testimony that both of the two males who first came upstairs attacked her, and did so repeatedly. We will not reweigh the evidence on appeal. We find that there was sufficient evidence to support a finding that defendant was a participant in the brutal attack on the 60 year old lady.

■ Even if the defendant had not *personally* attacked the 60 year old lady, he is criminally liable as an accomplice for everything done by his confederates which was a probable and natural consequence of the common plan. *See, Dozier v. State*, (1976) 264 Ind. 329, 331, 343 N.E.2d 783. It is not evident from the record whether the trial court's determination of guilt was based upon the defendant's personal involvement with the attacks or upon the acts of his confederates. We find that the evidence was sufficient to sustain the verdict upon either theory.

## ISSUE II

The defendant asserts that his oral statement, recorded on videotape, should not have been admitted into evidence. His attack is two-pronged.

■ He first argues that his arrest was illegal because it was made without a warrant and, that his statement, consequently, was inadmissible. However, the cases cited by the defendant are not in point. He cites *Kinnaird v. State*, (1968) 251 Ind. 506, 242 N.E.2d 500 and *State ex rel. French v. Hendrick's Superior Court*, (1969) 252 Ind. 213, 247 N.E.2d 519, for the proposition that an arrest warrant is invalid unless there is a showing of probable cause before a neutral and detached magistrate. He does not question that there was probable cause for his arrest but asserts that his arrest was illegal because the arresting officer did not have an arrest warrant. The other cases cited by the defendant, *Aguilar v. Texas*, (1964) 378 U.S. 108, 84 S.Ct. 1509, 12

L.Ed.2d 723, and *McCray v. Illinois*, (1967) 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, were concerned with whether probable cause could be found on the basis of hearsay statements. The defendant has failed to support his contention with relevant authority; and his argument is without merit. In Indiana, a police officer may arrest an individual without a warrant when he has reasonable and probable cause to believe that the person has committed a felony. *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144.

Defendant next asserts that the State failed to prove beyond a reasonable doubt that his confession was knowingly and voluntarily made. He alleges that he did not understand his right to counsel and his right to remain silent; and he contends that his confession was obtained by misrepresentation of the charge, threats of long imprisonment, and promises of leniency and release from detention.

■■ The State has a heavy burden to demonstrate at the trial level that the defendant knowingly, voluntarily, and intelligently waived his right to remain silent and to consult with counsel. *Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Gibson v. State*, (1971) 257 Ind. 23, 28, 271 N.E.2d 706. The question is whether, looking at all the circumstances, the confession was made freely and voluntarily and was not induced by any threats or improper influence. *Gibson v. State, id.* Upon a review of the denial of a motion to suppress a confession and the subsequent admission of that confession over objection, the Court will not reweigh the evidence or judge the credibility of the witnesses. *Wollam v. State*, (1978) Ind., 380 N.E.2d 82. The admissibility of a confession ultimately depends upon questions of fact which are to be resolved by the trial court. *Wollams v. State, id.* If the evidence is conflicting, we will consider only that evidence which supports the trial court's ruling. *Wollams v. State, id.*

■ Officer Stoots testified that he advised the defendant of the charge upon which he was arrested and that he then advised him of his rights by reading those rights from a form which was signed by the defendant. That document was admitted into evidence. The officer stated that the defendant indicated that he understood his rights and the consequences of a waiver of those rights. Officer Stoots further testified that he did not make any promises, threats, or attempt to exert undue influence. He did admit, however, that he told the defendant that he had connected him with three separate crimes and that convictions of all three could result in a possible sentence of ninety years, that the defendant should tell the truth and that doing so would "clear it up." The State also introduced into evidence the defendant's videotaped confession. The taped statement was played before the judge, who was also the trial of fact, and it disclosed that the defendant was fully advised of his rights, and that he acknowledged that he understood those rights. The court was thereby able to observe the defendant's demeanor prior to and during the confession. That videotape and Officer Stoot's testimony provide sufficient evidence to sustain the trial court's ruling that the confession was voluntary and free from coercion. The defendant's testimony contradicted much of Officer Stoot's testimony; but, as we stated earlier, this Court will not reweigh the evidence but will look only to that evidence which supports the determination of the trier of fact.

### ISSUE III

■ Defendant contends that the thirty year sentence is greatly disproportionate to the nature of the offense, citing Article I, Section 16 of the Indiana Constitution and the Eighth Amendment to the United States Constitution. He alleges that he did not personally injure anybody and that he actually pleaded with his accomplices not to hurt the old ladies. He further states that he is a twenty year old youth who has never been institutionalized before. The State points out that the defendant was given the standard sentence for this offense and that the brutal nature of this particular offense would have easily justified additional years for aggravating circumstances.

**470**

He was sentenced on May 31, 1978, and therefore a review of his sentence is governed by the Rules for Appellate Review of Sentences. Rule 2 states:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

"(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

His assertion that he did not personally injure either of the victims in an allegation of fact which finds contradiction in the record. It may be true that the defendant had never been incarcerated; however, the pre-sentence report reveals that he had a previous felony conviction for which sentence was suspended. He was charged with and convicted of a particularly brutal crime. From the record of this case, it does not appear that the sentence was manifestly unreasonable.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.