Stephen J. HANIC, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–779A186.

Court of Appeals of Indiana, Third District.

June 30, 1980.

---

Howard S. Grimm, Jr., Grimm & Grimm, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Stephen J. Hanic, Jr., was charged with attempted rape. The trial court found Hanic guilty of the lesser included offense of battery. Because the court found bodily injury to have occurred, Hanic was convicted of a Class A misdemeanor battery and was sentenced to one year imprisonment and fined five hundred dollars. His appeal urges these issues for our review:

(1) there was insufficient evidence to support the conviction of a Class A misdemeanor battery;

(2) there was insufficient evidence to overcome Hanic's defense of property argument; and

(3) the sentence of one year imprisonment was unduly harsh and manifestly unreasonable.

After reviewing the above issues, we conclude there was sufficient evidence to establish a Class A misdemeanor battery and to overcome Hanic's defense of property argument. In addition, we conclude that Hanic failed to establish that there was a manifest abuse of discretion in the trial court's sentencing. Therefore, we affirm the trial court on all issues.

## I.

### The Evidence

The uncontroverted evidence established that Hanic met the prosecutrix at a drinking establishment sometime after 11:00 p. m. on January 5, 1978. At sometime after midnight, the prosecutrix left with Hanic and Jim Billman, went to Jim Billman's apartment and stayed approximately 20 minutes. Thereafter, the prosecutrix went with Hanic to his apartment, arriving at approximately 2:30 a. m., and talked to him for about one-half hour.

The events which occurred during the period of time from 3:00 a. m. until 6:30 a. m. were in issue at the trial. A telephone operator testified that during that period she received an emergency call indicating the need for help. This call was relayed to the local police department which then traced it to Hanic's apartment. At approximately 6:30 a. m. police officers were then dispatched to Hanic's address. Shortly after their arrival, Hanic was arrested.

The prosecutrix testified that Hanic proceeded to make advances which progressed in degree and in the amount of force used. She testified that she never encouraged any of these advances but resisted them—meeting force with force. She continued to resist Hanic's advances until the police arrived. The prosecutrix testified that she repeatedly tried to reach a telephone operator. At least one such attempt was successful.

Hanic testified that the prosecutrix was initially responsive to his advances, but then jumped up, tore his clock off the wall, knocked over his television stand, and made the telephone call to the operator. He testified that he was upset by her actions, that he grabbed her and tried to settle her down. During his attempt to settle the prosecutrix down, the police arrived. Hanic was charged with attempted rape, but he was convicted of the Class A misdemeanor, battery with bodily injury.

## II.

### Sufficiency of Evidence

Hanic argues that there was not sufficient evidence to establish "bodily injury" and, therefore, the classification of the battery as a Class A misdemeanor was error. We disagree.

One of the arresting police officers, Dan Gibson, testified to red marks on the prosecutrix's arms. Police detective Judith Pyne testified that the prosecutrix "had bruises on her upper arm. She had minor scratches on her breast area." Hanic points out in his argument that detective Pyne's testimony was limited by her later statements that "[t]hey were not dark enough for them to show up on photographs . . . they were superficial." The prosecutrix testified that she and Hanic were fighting the entire time, that Hanic grabbed, pulled, and knocked her down several times; that "[h]e just had his hands on my throat sever-

al times, my arms twisted, hands over my mouth if I would scream . . . I had scratches and I had bruises afterwards." We hold that such evidence was sufficient to support a finding by the trial court of bodily injury.

Battery is defined in Ind.Code § 35–42–2–1 (Supp.1979):

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class B misdemeanor. However, the offense is:

"(1) a class A misdemeanor if it results in bodily injury to any other person . . . . "

Bodily injury is defined in Ind.Code § 35–41–1–2 (Supp.1979):

" 'Bodily injury' means any impairment of physical condition, including physical pain."

No Indiana court of review has interpreted this section.[1]

■ It is a fundamental rule of construction that penal statutes must be strictly construed. *Kelley v. State* (1954), 233 Ind. 294, 119 N.E.2d 322; *Caudill v. State* (1946), 224 Ind. 531, 69 N.E.2d 549; *Halligan v. State* (1978), Ind.App., 375 N.E.2d 1151. Notwithstanding this rule, the construction of penal statutes should not be unduly narrowed so as to exclude the cases that are fairly covered by them. *State v. Bigbee* (1973), 260 Ind. 90, 292 N.E.2d 609; *Short v. State* (1954), 234 Ind. 17, 122 N.E.2d 82; *Caudill, supra*. It has been stated that "[t]he cardinal principle in construing a statute is to ascertain and give effect to the legislative intent." *Baker v. Grange*

(1929), 200 Ind. 506, 165 N.E. 239. And, similarly, a criminal statute should be interpreted so as to give efficient operation to the expressed intent of the legislature. *State v. Bigbee, supra; Morris v. State* (1949), 227 Ind. 630, 88 N.E.2d 328; *State v. Griffin* (1949), 226 Ind. 279, 79 N.E.2d 537.

With the above statutory construction guidelines in mind, we emphasize that Ind. Code § 35–41–1–2, *supra*, defining bodily injury, uses the language "*any* physical impairment". (Our emphasis.) Within the same statute, it can reasonably be construed that the clause "including physical pain" modifies impairment. That is, bodily injury includes any physical impairment, and physical pain is considered a physical impairment under the statute.

■ A court of review will not reweigh the evidence, but will only look to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. *Kizer v. State* (1979), Ind., 392 N.E.2d 466; *Williams v. State* (1979), Ind., 393 N.E.2d 149; *Matthew v. State* (1975), 263 Ind. 672, 337 N.E.2d 821. We conclude that the evidence was sufficient for the trial court to have found "bodily injury" and, therefore, classifying the battery as a Class A misdemeanor was not error.

### III.

### Defense of Property

Hanic argues that the State's evidence was insufficient to overcome his contention of defense of property as a justification for

---

1. In a recent case, *Rogers v. State* (1979), Ind., 396 N.E.2d 348, the Indiana Supreme Court addressed the issue of "bodily injury" being a constitutionally sound penalty enhancing standard. Justice Hunter, writing for the Court, stated:

"Defendant argues that the only difference between a class C felony [robbery with no "bodily injury"], carrying a five year sentence, and a class A felony [robbery with "bodily injury"], carrying a thirty year sentence, can be a 'painlessly broken fingernail.'

"Here we do not have a mere broken fingernail but bruised ribs and a bruised and

swollen face, which injuries were suffered as a result of defendant kicking the victim. Defendant doesn't mention the added humiliation of absorbing a beating while being robbed or the increased depravity of a criminal exhibited by such conduct. These are factors which the legislature likely had in mind when setting the sentence for this crime. . . ."

Although the statutory definition seems to limit "bodily injury" to "physical" injury, Justice Hunter's opinion intimates a broader reading.

battery. Although there are no prior Indiana cases on point, defense of property is analogous to the defense of self-defense.[2] An examination of self-defense cases in Indiana reveals the following:

■ (1) In assault and battery cases where self-defense is claimed, even though of a negative character, the burden is on the State to disprove self-defense. *Harris v. State* (1978), Ind., 382 N.E.2d 913; *Banks v. State* (1971), 257 Ind. 530, 276 N.E.2d 155.

■ (2) This burden, however, can be met not only by rebuttal but by an affirmative showing. The State need not specifically introduce evidence to refute the elements of self-defense, but may accomplish its burden by the evidence in its entirety in the State's case in chief. *Harris, supra; Hester v. State* (1978), Ind., 373 N.E.2d 141; *Banks, supra.*

■ (3) The trier of fact must look to the situation from the defendant's viewpoint, but it need not believe the defendant's evidence. *Harris, supra; Starkey v. State* (1977), 266 Ind. 184, 361 N.E.2d 902; *Williams v. State* (1974), 262 Ind. 382, 316 N.E.2d 354.

■ As stated above, a court of review, in determining the sufficiency of evidence, does not weigh the evidence nor judge the credibility of witnesses, but only looks at the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. A verdict is not disturbed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Kizer, supra; Matthew, supra.* The trial court had sufficient evidence from which it could conclude that Hanic did not act in defense of his property.

## IV.

### Sentencing

■ Hanic contends that an executed term of imprisonment for a period of one year is manifestly unreasonable. The sentence imposed by the trial court did not exceed the limits provided for a Class A misdemeanor.[3] "The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Rules for the Appellate Review of Sentences, Rule 2. Sentencing is a decision within the trial court's discretion and will be reversed only upon a showing of a manifest abuse of discretion. *Sleck v. State* (1977), Ind.App., 369 N.E.2d 963. Hanic has failed to establish, or even show, any abuse of discretion by the trial court. As this court has previously stated:

> "Where, as here, the penalty assessed is in keeping with that prescribed by the legislature, we cannot interfere. We may not rewrite the statute nor absent an abuse of discretion substitute what we deem to be a more equitable penalty."

*Gray v. State* (1974), 159 Ind.App. 200, 205, 305 N.E.2d 886, 889.

We affirm.

GARRARD, P. J., and HOFFMAN, J., concur.

---

2. The legislature has codified self-defense and defense of property in one section. Ind.Code § 35–41–3–2 (Supp.1979).

3. Ind.Code § 35–50–3–2 (Supp.1979):

"A person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year; in addition, he may be fined not more than five thousand dollars ($5,000)."