Lawrence CARTER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1182S458.

Supreme Court of Indiana.

Sept. 18, 1984.

Richard M. Cagen, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1979) and Battery, a class C felony, Ind. Code § 35–42–2–1 (Burns 1979). He was sentenced to twelve (12) years imprisonment upon the robbery conviction and six (6) years imprisonment upon the battery conviction, said sentences to be served concurrently. His direct appeal presents three (3) issues for our review, which we have renumbered and consolidated as follows:

(1) Whether the trial court erred when it failed to include a copy of the pre-sentence report in the record of sentencing;

(2) Whether the evidence was sufficient to sustain the battery conviction.

The record disclosed that on June 22, 1981, Louis Escalante was in the men's room of the Good Corner Liquor Store in Gary, Indiana, when an armed man, later identified as the Defendant, entered the room, asked him if he wanted to die, and demanded his money. The Defendant took Escalante's money, keys, and wallet. Escalante then called the police, and as he left the liquor store he saw the Defendant driving away in his automobile. Stopping an approaching police vehicle, Escalante gave the officer descriptions of his assailant and the automobile. The two of them then began looking for the car, which they found parked and locked about twenty minutes later. Subsequently, Louis Escalante's brother Josue, an off-duty Gary policeman, arrived to drive Louis to the police station. En route Louis saw, among three men, one who looked like his assailant. Josue turned his car around so that Louis could look again, but the man had disappeared from the group. While the Escalantes were questioning the two remaining men, the Defendant approached their automobile on the driver's side and asked the two if they were looking for him. As Josue reached for his service revolver, the Defendant fired his gun at Josue who was injured. Josue returned the gunfire, injuring the Defendant who was apprehended a short time later.

## ISSUE I

Defendant assigns as reversible error the trial court's failure to include in its record a copy of the pre-sentence report. However, the failure to include the pre-sentence report in the record does not, standing alone, constitute reversible error. *Hinton v. State*, (1979) 272 Ind. 297, 300, 397 N.E.2d 282, 284. The record must demonstrate, however, that a pre-sentence report was prepared and that the trial court considered it in determining the sentence. *Id.* Defendant argues that in the case at bar it is impossible to determine whether the court did, in fact, consider the report. We do not agree.

The trial judge began the sentencing hearing by stating, "I have a pre-sentence investigation report concerning the defendant's case." Subsequently, Lawrence Anderson of the Lake County Probation Department testified regarding his role in the preparation of the report. Further, both the prosecutor and defense counsel referred to matters contained in the pre-sentence report during their interrogations of Witness Anderson and in their arguments to the court. It is apparent that the trial court ordered and considered the pre-sentence report in determining the sentences to be imposed upon the Defendant; hence, there was no error. *See Hinton v. State*, 272 Ind. at 300, 397 N.E.2d at 284; *Short v. State*, (1982) Ind., 443 N.E.2d 298, 310.

Defendant further argues that he was not given a copy of the pre-sentence report as required by Ind.Code § 35–4.1–4–13 (Ind.Code § 35–50–1A–13, Burns 1979). The record, however, is silent upon this issue. However, when the court referred to the report at the sentencing hearing, Defendant did not in any way complain of not having received it or otherwise object. Hence, he has failed to preserve error for appeal.

The remainder of Defendant's argument, i.e., that the court erred in enhancing his sentences, is predicated upon the alleged error of the trial court's failure to consider

the pre-sentence report. In that we have determined that question adversely to Defendant's position, we need not further consider this assignment.

## ISSUE II

Defendant argues that the trial court erred in denying his motion for a directed verdict and in failing to set aside the jury verdict with respect to Count II, the Battery charge, in that there was no evidence of probative value which would prove that Defendant was not acting in self-defense when he fired his gun at and injured Josue Escalante. He is incorrect. Both Josue and Louis Escalante testified that the Defendant approached the driver's side of Josue's automobile with his gun drawn and pointed directly at Josue. They further testified that as Josue reached for his service revolver Defendant fired the initial shot. Although the court did instruct the jury on self-defense, the jury was not required to believe that Defendant had acted in self-defense when he shot Josue. *French v. State*, (1980) 273 Ind. 251, 403 N.E.2d 821, 826; *Harris v. State*, (1978) 269 Ind. 672, 674, 382 N.E.2d 913, 915. The testimony of Louis and Josue Escalante was clearly sufficient to sustain the conviction for battery.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.