Preston E. GARDNER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1285S518.

Supreme Court of Indiana.

Aug. 20, 1987.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant for Murder. He received a sentence of fifty (50) years.

The facts are: On January 22, 1985, appellant was with Richard Dukes, Terrance Sallee and Thurmon Jackson near a liquor store in Gary, Indiana. A bottle of wine was obtained by the men. Appellant ran off with the wine. Jackson, the victim in this case, convinced the others to pursue appellant to a house where he lived with Johnny Baldridge.

The group was admitted to the house. An argument began immediately between appellant and Jackson. The two went to a bedroom of the house to continue the argument. When others attempted to enter the bedroom, Jackson advised them to leave. The others could hear Jackson and appellant arguing. Then a gunshot was heard. The victim was discovered lying on the floor mortally wounded and appellant was holding a sawed-off shotgun. Appellant ordered the others to get out of the house. They obeyed.

Appellant claims the verdict was not sustained by sufficient evidence. He takes this position based on his claim of self-defense. He points out that he is five feet five inches tall and weighs one hundred forty-five pounds, and the victim was six feet tall and weighed one hundred and eighty pounds.

Appellant claims he fired a shot only after the victim pulled a gun. The only person who witnessed the shooting was Baldridge. He was not called as a witness. Appellant claims the State did not rebut his claim of self-defense as required by *Hanic v. State* (1980), Ind.App., 406 N.E.2d 335. Although appellant claims the victim pulled a gun prior to the shooting, no gun was found in the house or on the person of the victim. Appellant did not

remain in the house to explain the situation to police. Before leaving the house, appellant dragged the victim's body from the bedroom to near the front door then wrapped the sawed-off shotgun in a blanket and placed it under a van parked near the house. There is ample evidence in this record from which the jury could deduce that although appellant was in a place where he had a right to be, he used excessive force in his altercation with the victim.

██ Appellant claims the trial court erred in admitting State's Exhibit No. 16, the sawed-off shotgun. Appellant claims there was no evidence in the record to link the shotgun with the crime. Appellant contends police officers recovered the shotgun under a van, but did not in any way connect it with him. Appellant claims a ballistics expert could not state that the shotgun shell found near the victim's body was fired from the shotgun recovered by the police. Appellant omits the fact, however, that prior to the testimony of the officer and prior to the offer of the sawed-off shotgun into evidence Sallee had identified the weapon and stated that he knew it belonged to appellant and that he saw him with the gun. Thus, at the time the gun was offered as an exhibit there was ample evidence in the record from which the trial judge could determine that appellant had been identified as the owner of the weapon which was seen in his hands immediately after the shooting.

The trial court did not err in admitting State's Exhibit No. 16 into evidence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.