Perry J. McFARLAND, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1185S467.

Supreme Court of Indiana.

Feb. 23, 1988.

Terry A. White, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Perry McFarland was tried before a jury and convicted of Robbery, a class B felony. He was sentenced to fifteen (15) years to the Indiana Department of Corrections, and all but six (6) years were suspended to probation. McFarland was also required to make restitution while on probation. His Motion to Correct Errors was denied and he appeals directly to this court.

McFarland presents two issues on appeal:

1. trial court error in overruling his Motion to Suppress and admitting his statements to interrogating police officers; and

2. trial court error in refusing to instruct the jury on the crimes of Robbery as a class C felony, Theft, Intimidation, and Conversion.

The facts most favorable to the verdict show that on March 10, 1985, the Save Cash Store at Weinbach and Covert avenues in Vanderburgh County, Indiana was robbed at gunpoint by a black male at approximately 2:00 a.m. Jeanine Wilson, the cashier, was the only person in the store at that time. Earlier in the day, McFarland entered the store with another person, and an acquaintance of Wilson's pointed McFarland out to her as being someone with whom her brother had fought. Wilson recognized the male who robbed the store as McFarland. Initially she described the assailant to police, but two days later gave them McFarland's name.

On March 11, 1985, police officers arrested McFarland at his home, gave him his *Miranda* warnings and brought him to the Evansville Police Department and Vanderburgh County Jail. Officers questioned McFarland three times. He signed three waiver of rights forms and in the first two interrogations denied any involvement in either this robbery at the Save Cash Store or a robbery at a Pantry Store in Evansville. The Pantry Store robbery occurred on the same night as the Save Cash Store robbery, about two (2) hours earlier. McFarland was questioned on both robberies. At the third interrogation, McFarland stated he did not rob the Save Cash Store but "maybe" he robbed the Pantry Store. McFarland was charged with four robberies but on his motion for severance, he was tried here for robbery of the Save Cash Store and attempted robbery of the Pantry Store. The jury acquitted McFarland of the Pantry Store charge.

I

The first issue presented for our review is whether the trial court erred in admitting McFarland's statements into evidence. McFarland contends his Fifth and Sixth Amendment rights were violated because he was not allowed, after three requests, to be brought to the jail without answering questions, and that he was coerced into making the statements to police.

After he was first brought to Police Headquarters, McFarland was placed in the interrogation room where he was questioned by Officer McDaniels and Officer Cook. There is evidence that Officer McDaniels pulled up McFarland's shirt sleeve and asked whether he was on drugs. After about thirty minutes, McFarland was booked and given jail clothes and then brought down for more questioning. Eventually Officer Mattingly spoke to McFarland alone, and it was during this time McFarland told Mattingly he "maybe" robbed the Pantry Store, but gave the impression he did not rob the Save Cash Store. McDaniels, Cook, and Mattingly all testified, contrary to McFarland's testimony, that McFarland never indicated he did not want to answer questions, and never asked to be brought to the jail.

When a defendant challenges the validity of a confession, the State carries a heavy burden to demonstrate at the trial level that the defendant knowingly, voluntarily, and intelligently waived his right to remain silent and to consult with counsel. *Kizer v. State* (1979), 271 Ind. 277, 392 N.E.2d 466, 469; *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694. The signing of a waiver form, however, does not conclusively show a valid waiver. *Dickerson v. State* (1972), 257 Ind. 562, 276 N.E.2d 845. The question is whether, looking at all the circumstances, the confession was made freely and voluntarily and was not induced by any threats or improper influences. *Kizer*, 392 N.E.2d at 469. McFarland denied the Save Cash robbery but admitted the Pantry robbery. The jury acquitted him of the latter charge.

In determining admissibility, the United States Supreme Court has stated: "A waiver is ordinarily an intentional relinquishment of a known right or privilege. The determination as to whether there has been an intelligent waiver ... must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience

and conduct of the accused." *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. The trial court must take into account the "totality of the circumstances" in determining whether a defendant makes a knowing and intelligent waiver of his Fifth Amendment right against self-incrimination. *Edwards v. Arizona* (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378. McFarland was arrested, given numerous *Miranda* warnings, and three times signed a waiver form. He indicated to the arresting officers he understood his rights. Although McFarland contends he asked several times to be brought up to the jail, three testifying officers stated he at no time made such a request. They also stated McFarland was not threatened, harmed, or coerced in any way to make the statements. When McFarland indicated he may have committed the Pantry robbery, Mattingly repeated the statement to Cook and McDaniels in McFarland's presence, and McFarland agreed the statement was correct.

■ When we review the denial of a motion to suppress a confession and the subsequent admission of that confession over objection, we will not reweigh evidence or judge the credibility of witnesses. *Grassmyer v. State* (1981), Ind., 429 N.E. 2d 248; *Kizer*, 392 N.E.2d at 469. The trial court made its determination based on the evidence presented. We find no violation of McFarland's constitutional rights.

## II

McFarland next contends the trial court erred in refusing his tendered instructions 1, 5, 6, 7, 8, and 10, which dealt with the lesser included offenses of class C robbery, theft, intimidation, and conversion. He also objects to the court's withdrawal of instructions 13 and 14. He claims this refusal and withdrawal of instructions denied the jury its right to determine the law and facts of his case as provided under Article 1, Section 19 of the Indiana Constitution.

■ The test for determining whether it was error for the trial court to refuse instructions on lesser offenses is whether the lesser offense is necessarily included within the greater offense as charged, and whether there was evidence adduced at trial to which the included offense instruction was applicable. *Sills v. State* (1984), Ind., 463 N.E.2d 228; *Jones v. State* (1982), Ind., 438 N.E.2d 972; *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208.

■ McFarland correctly states that robbery class C is inherently included within class B robbery, the only difference being the use of a deadly weapon. He also correctly states the testimony of the cashier at the Save Cash Store was important in establishing his guilt. She testified McFarland carried a gun and threatened her with it. However, it does not follow that because her credibility was challenged on other details in her testimony during cross-examination, the jury should have been instructed on the lesser offenses. There was no evidence adduced at trial indicating McFarland did not carry a gun. McFarland's defense was that he did not commit the robbery; no evidence was presented as to how the robbery was committed except the testimony of the cashier. *Rogers v. State*, (1979), 272 Ind. 65, 396 N.E.2d 348, 354. Therefore, the court did not err in refusing to instruct on class C robbery.

■ The same is true with reference to the theft, conversion, and intimidation instructions. The element found in class C robbery and missing from theft is the imminent threat of force, and the crime of conversion does not require the intent to deprive. There was no evidence presented at trial, however, from which the jury could have determined a lack of threat or force, or lack of intent. So too with the crime of intimidation; McFarland asserts that based on the cashier's lack of credibility, the jury had a right to infer McFarland threatened her to give him money, she refused, McFarland left the store, and the cashier took the money for herself and then reported it stolen. This is mere speculation unsupported by the evidence. Again, there was no evidence presented at trial to which the instruction would be applicable. The trial

court properly refused the tendered instructions.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.