**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 31 2013, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1304-CR-373 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton Graham, Judge
The Honorable Anne Flannelly, Commissioner
Cause No. 49G17-1302-CM-11384

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Richard Wilson appeals his conviction of Class A misdemeanor battery with bodily injury,[1] asserting the evidence was insufficient to demonstrate he caused the bruises on the arms of G.B. We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 17, 2013, Wilson was living at a hotel with G.B. As they argued that day, Wilson became angry, so G.B. suggested he go for a walk. Wilson then grabbed G.B.'s arms and called her "a bitch." (Tr. at 9.) Outside their hotel room, Wilson hit a hotel employee on the head with his fist. Police arrived and placed Wilson in handcuffs. The police found a red mark on the employee's head where Wilson had hit him and bruises on G.B.'s arms where Wilson had grabbed her. Wilson ran across the parking lot in an attempt to avoid arrest, but police captured him.

The State filed the following charges against Wilson: two counts of Class A misdemeanor battery resulting in bodily injury – one for grabbing G.B.,[2] and one for hitting the hotel employee; one count of Class A misdemeanor resisting law enforcement;[3] one count of Class A misdemeanor interfering with the reporting of a crime;[4] and one count of Class A misdemeanor intimidation.[5] Following a bench trial, the court entered convictions of the two battery counts and the resisting count. The court ordered three concurrent sentences of 365 days.

---

[1] Ind. Code § 35-42-2-1(a)(1)(A).
[2] Wilson challenges only this conviction.
[3] Ind. Code § 35-44.1-3-1(a)(3).
[4] Ind. Code § 35-45-2-5(1-3).
[5] Ind. Code § 35-45-2-1(a)(2).

2

**DISCUSSION AND DECISION**

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the verdict. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

To convict Wilson of Class A misdemeanor battery, the State had to demonstrate Wilson touched G.B. "in a rude, insolent, or angry manner," Ind. Code § 35-42-2-1(a), and the touching resulted in "bodily injury" to G.B. Ind. Code § 35-42-2-1(a)(1)(A). "'Bodily injury' means any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. Red marks or bruising at the site of a touching have been held to be sufficient evidence of "impairment of physical condition" to support the "bodily injury" required for a conviction of Class A misdemeanor battery. *Hanic v. State*, 406 N.E.2d 335, 338 (Ind. Ct. App. 1980).

G.B. testified that Wilson grabbed her arms hard "enough to leave the bruises." (Tr. at 9.) The officer who responded first to the scene testified she "observed multiple bruises on

3

both of [G.B.'s] arms . . . [t]he back of her arms and the side of her arms." (*Id*. at 33.) Photographs of G.B.'s arms show the bruises.

Because we must view the evidence in the light most favorable to the judgment, we cannot accept Wilson's invitation to reject all of that evidence simply because the bruises depicted in the photographs were not the color that he believed they would have been if he had caused them that day. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence or judge witness credibility). The testimony from G.B. and the officer support his conviction, and we accordingly affirm.

Affirmed.

RILEY, J., and VAIDIK, J., concur.