**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 12 2014, 9:13 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS BIRGE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-231 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

## APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol Terzo, Judge
Cause No. 49F08-1307-CM-46305

**December 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Thomas Birge appeals his conviction of battery as a Class A misdemeanor. Birge raises one issue for our review: whether sufficient evidence was presented to rebut his defense of property claim. Concluding that sufficient evidence was presented, we affirm.

## Facts and Procedural History

The facts most favorable to the verdict reveal that on July 15, 2013, David Russell accompanied Rose Osman to Birge's home in order to remove a license plate from a vehicle parked there. Before Russell could successfully remove the license plate, Birge exited his home and told Russell not to touch the vehicle. In response, Russell stopped what he was doing and stepped away from the vehicle.

A heated argument between Birge and Russell ensued. At one point during the argument, Birge left and returned with a broom handle. Upon returning, Birge repeatedly struck Russell with the broom handle. In defense, Russell attempted to block the broom handle with his arms. As the fight continued, Birge and Russell grabbed each other and Birge hit Russell in the face with his fist "two or three times," transcript at 8, resulting in Russell losing consciousness. Consequently, Russell suffered bruising to his arms, a fat lip, and a black eye.

The State charged Birge with battery as a Class A misdemeanor. A bench trial was held, and the trial court concluded the State proved beyond a reasonable doubt that Birge was guilty of battery. Birge now appeals his conviction.

## Discussion and Decision

### I. Standard of Review

Initially, we observe that Birge does not argue that the elements of battery have not been proved beyond a reasonable doubt. See Appellant's Brief at 4 (discussing the elements of battery and concluding "[t]he evidence at trial clearly establishes these elements and [Birge] testified that he did strike [Russell]."). Rather, Birge argues that his conviction for battery should be reversed because there was insufficient evidence to rebut his claim of defense of property.

A claim of "defense of property is analogous to the defense of self-defense." Hanic v. State, 406 N.E.2d 335, 339 (Ind. Ct. App. 1980). "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." Sudberry v. State, 982 N.E.2d 475, 481 (Ind. Ct. App. 2013) (quotation and citation omitted). We will not reweigh the evidence or judge the credibility of witnesses. Id. A conviction will be affirmed "[i]f there is sufficient evidence of probative value to support the conclusion of the trier of fact . . . ." Id.

## II. Defense of Property

Birge argues that the State presented insufficient evidence to rebut his claim of defense of property. A valid claim of defense of property is a legal justification for an otherwise criminal act. Cf. Wilson v. State, 770 N.E.2d 799, 800 (Ind. 2002) (discussing self-defense and defense of another). The defense of property statute, in relevant part, provides:

(d) A person:
  (1) is justified in using reasonable force, including deadly force, against any other person; and

3

(2) does not have a duty to retreat;
if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle.

(e) With respect to property other than a dwelling, curtilage, or an occupied motor vehicle, a person is justified in using reasonable force against any other person if the person reasonably believes that the force is necessary to immediately prevent or terminate the other person's trespass on or criminal interference with property lawfully in the person's possession, lawfully in possession of a member of the person's immediate family, or belonging to a person whose property the person has authority to protect. . . .

Ind. Code § 35-41-3-2(d)-(e). Any force employed must be reasonable in light of "the urgency of the situation." Cf. Mateo v. State, 981 N.E.2d 59, 72 (Ind. Ct. App. 2012), trans. denied. Once "a claim of [defense of property] is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements." Kimbrough v. State, 911 N.E.2d 621, 635 (Ind. Ct. App. 2009). Such a claim can be rebutted through the State's case-in-chief. Id.

One method for negating a claim of defense of property is to establish the defendant used an unreasonable amount of force. Mateo, 981 N.E.2d at 72 ("[I]f an individual uses more force than is reasonably necessary under the circumstances, his self-defense claim will fail.") (quotation omitted); see also Ind. Code § 35-41-3-2(d)-(e). Here, Russell entered Birge's property in order to remove a license plate from a vehicle located thereon. Birge confronted Russell and told him not to touch the vehicle. Russell immediately complied and stepped away from the vehicle. After an exchange of words, Birge left the area where the argument took place, returned with a broom handle, and began striking Russell with the broom handle. Thereafter, Birge punched Russell in the

4

face multiple times. These attacks rendered Russell unconscious and left him with bruised arms, a fat lip, and a black eye. Notably, throughout the course of this confrontation, Russell neither attempted to strike Birge nor was in possession of a weapon. Thus, the evidence supports a conclusion that Birge's force was unreasonable in light of the urgency of the situation.

Birge also argues that his actions were justified, and therefore do not preclude his claim of defense of property, because he asked Russell to leave and Russell refused. See Tr. at 15 ("I asked Mr. Russell to leave, that he had a lot of nerve to even be there on my property, that he needed to leave and he told me, 'No.'"); Appellant's Br. at 6 ("It would certainly be expected that [Birge] would tell [Russell] to get off his property. Although Russell denied that statement, it is certainly reasonable that it would happen."). However, Russell testified that Birge never asked him to leave Birge's property before the battery occurred. Birge's attempted reliance on his own self-serving testimony amounts to nothing more than a request for this court to reweigh conflicting evidence and judge witness credibility, which we will not do. Sudberry, 982 N.E.2d at 481. Consequently, Birge's assertion that he asked Russell to leave lends no support to his appeal.

In sum, the evidence supports a conclusion that Birge's use of force was unreasonable in light of the urgency of the situation.[1] Additionally, the trier of fact was

---

[1] We agree with the dissent's position that a person has a right to defend his property from attack. And in other circumstances, we also might agree that hitting a person intruding on one's property with a broom handle and a fist could be reasonable force. But here, Russell had stopped what he was doing at Birge's request. There are many things Birge could have done to terminate Russell's continued presence on his property, starting with asking him to leave, which Russell testified he did not do. In these circumstances we cannot say that it was a reasonable

5

free to believe that Russell's testimony possessed more veracity than Birge's testimony. Therefore, the State presented sufficient evidence to rebut Birge's claim of defense of property.

Conclusion

Sufficient evidence of probative value was presented to rebut Birge's claim of defense of property. Therefore, we affirm Birge's conviction of battery.

Affirmed.

KIRSCH, J., concurs.

BAKER, J., dissents with separate opinion.

---

display of force for Birge to repeatedly strike Russell to the point that Russell was rendered unconscious when his property was no longer under any obvious attack.

# IN THE
# COURT OF APPEALS OF INDIANA

THOMAS BIRGE,                           )
                                        )
    Appellant-Defendant,            )
                                        )
        vs.                      )    No.  49A02-1404-CR-231
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

**BAKER, Judge, dissenting.**

I respectfully dissent. In this case, Russell entered Birge's property and began to remove the license plate from a vehicle that Russell testified he had assumed belonged to Birge. Tr. p. 10. Pursuant to Indiana Code section 35-41-3-2(e), Birge was entitled to use reasonable force to defend his real and personal property.

The majority concludes that the State negated Birge's claim of self-defense by establishing that Birge used unreasonable force. I cannot agree. Birge asked Russell to stop removing the license plate, and Russell complied. Birge and Russell then engaged in

7

a heated argument, however, and Russell did not leave Birge's property. Birge obtained a broom handle and struck Russell with the broom handle. Russell still did not leave Birge's property. Birge and Russell then engaged in a physical altercation, during which Birge struck Russell with his fist. Birge was exercising his statutory right to defend his property, which Russell repeatedly refused and/or failed to leave. I do not believe that the use of a broom handle and a fist constitutes unreasonable force as a matter of law.

Russell was in a place he did not have a right to be, to take an action he did not have a right to take. Russell neglected to leave that property even after engaging in a heated argument with and being struck with a broom handle by the property owner. I believe that Birge's actions were protected and countenanced by Indiana's property defense statute. Therefore, I would reverse Birge's conviction for class A misdemeanor battery.