STATE of Indiana on the Relation of
Norita ADAMS, Diana D. Morris,
and Joy Sines, Relators,

v.

The HENDRICKS CIRCUIT COURT, and
The Honorable J.V. Boles, Judge of the
Hendricks Circuit Court, Respondents.

No. 32S00–8606–OR–00569.

Supreme Court of Indiana.

Sept. 16, 1986.

Frank E. Spencer, Indianapolis, Michael
F. Singer, Danville, Stuart T. Bench, Indi-
anapolis, for relators.

David H. Coleman, Pros. Atty., Danville,
for respondents.

PIVARNIK, Justice.

Relators petition us to issue a writ of
mandate, writ of prohibition, and tempo-
rary alternative writ of mandate against
Respondent Court, Hendricks Circuit Court
and the Honorable J.V. Boles, the regular
Judge of that Court. Each of the Relators
is a defendant in a cause of action filed in
the Hendricks Circuit Court charging Rela-
tors with misdemeanor offenses. On April
25, 1986, counsel for Relators filed "De-
fendant's Motions to Dismiss" in the Hen-
dricks Circuit Court on the ground that the
Court no longer had jurisdiction of misde-
meanors, the same being within the exclu-
sive jurisdiction of Hendricks Superior
Court No. 2. This Court heard arguments
on petitions for writs of mandate and prohi-
bition on May 28, 1986, and denied all re-
lief. This opinion further explains our rul-
ing.

Relators contend that the Legislature's
directive that Hendricks Superior Court
No. 2 is to have a standard small claims
and misdemeanor division pursuant to Title
33, Ch. 2 is an expression of the Legisla-
ture's intent to give exclusive jurisdiction
to Superior Court No. 2 over all class D
felonies, all misdemeanor cases, all infrac-
tion cases and all ordinance violation cases.

The Legislature created Hendricks Supe-
rior Court No. 2 in 1978. Ind.Code § 33–5–
25–1 *et seq.* (Burns 1985). Previous to this
enactment, Hendricks County had a Circuit
Court, one Superior Court, and a County
Court. In 1978, the Legislature abolished
the County Court and created an additional
Superior Court, designating the existing
Hendricks Superior Court as Superior
Court No. 1, and the new court as Superior
Court No. 2. Ind.Code § 33–5–25–1 et seq.
The jurisdiction of the courts was provided
for by the Legislature in Ind.Code § 33–5–
25–5 (Burns, 1985) as follows:

Jurisdiction.—(a) The Hendricks Supe-
rior Court No. 1, within and for said
county, shall have original, exclusive jur-
isdiction in all matters pertaining to the
probate of wills, the appointment of

guardians, executors, administrators, personal representatives and trustees, and to the administration and settlement of estates of minors, persons of unsound mind, aged, infirm, and improvident persons, habitual drunkards, insolvents, and deceased persons, and of trusts, adoptions, and surviving partnerships, and in all probate and other matters provided for by IC 29, except its jurisdiction shall not be exclusive as to civil actions by or against personal representatives, but as to such actions shall have concurrent jurisdiction with the Hendricks Circuit Court and the Hendricks Superior Court No. 2.

(b) Except as provided in subsection (a), each superior court, within and for said county, shall have original and concurrent jurisdiction with the circuit court in all civil actions and proceedings at law and equity, and actions for dissolution or annulment of marriage, and in all criminal cases and proceedings, but neither superior court shall have the jurisdiction of a juvenile court.

(c) In addition, each superior court, within and for said county, shall have original and concurrent jurisdiction with the circuit court in all appeals or reviews from boards of county commissioners or other executive or administrative agencies and all other appellate jurisdiction vested in the circuit court.

In this same Chapter, the Legislature directed in Ind.Code § 33–5–25–18 (Burns, 1985):

33–5–25–18. Standard small claims and misdemeanor division.—The Hendricks Superior Court No. 2 has a standard small claims and misdemeanor division.

The Legislature established a standard small claims and misdemeanor division for superior courts in § 33–5–2–1 *et seq.* (Burns 1985). It provides that a court so designated is to have special dockets for handling 1) small claims, and 2) minor offenses and violations. The small claims docket is to have jurisdiction over civil actions of amounts sought or value of property of not more than three-thousand ($3,000.00) dollars. A plaintiff can bring a claim in excess of that amount by waiving any award over $3,000.00 in order to bring it within the jurisdiction of the small claims docket. Possessory actions between landlord and tenant cannot exceed $500.00 per month rent. Ind.Code § 33–5–2–4 (Burns, 1985). There are further provisions for relaxing of the formal rules of evidence in small claims cases. Parties can appear without attorneys and present their cases to the judge:

§ 33–5–2–5(d). The trial shall be conducted informally with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. The trial is not bound by the statutes or rules governing practice, procedure, pleadings, or evidence except for provisions relating to privileged communications and offers of compromise.

Ind.Code § 33–5–2–5 (Burns, 1985). It was provided that there will be no change of venue from the county as a right, but a change of judge is allowed. Ind.Code § 33–5–2–6 (Burns 1985). Filing a claim on the small claims docket is deemed a waiver of trial by jury. Ind.Code § 33–5–2–7 (Burns 1985). However, a defendant can demand a jury trial and upon depositing ten ($10.00) dollars, the cause will be transferred from the small claims docket to the plenary docket for a jury trial. *Id.* Provisions for handling minor offenses and violations are set out in Ind.Code § 33–5–2–8 (Burns, 1985) which provides:

Minor offenses and violation docket—Jurisdiction—Traffic violations bureau.—(a) The minor offenses and violations docket has jurisdiction over the following:

(1) All class D felony cases.

(2) All misdemeanor cases.

(3) All infraction cases.

(4) All ordinance violation cases.

(b) The court shall establish a traffic violations bureau in the manner prescribed by IC 34–4–32–5.

Finally, Ind.Code § 33–5–2–9 (Burns 1985) provides that the court is to have an evening session to be held once each week: (b) The court shall hold additional sessions in the evening and on holidays as necessary to the just, speedy, and inexpensive determination of every action.

Notably the Legislature provided in § 33–4–3–5 et seq. (Burns, 1985) that certain circuit courts throughout the State are to provide a standard small claims and misdemeanor division similar to that provided for the superior courts as above noted. This provision was made for those counties where there are no superior courts or county courts. It is notable also that the operation of these small claims dockets provides for handling these matters in the same manner they are handled in county courts. Where there is no county court in a given county, the Legislature provides for such dockets in either one of the superior courts, or the circuit court of the county. It is apparent that the legislative scheme and intention is that in each county there is a special handling of small claims and minor offenses by at least one court in that county. As we have pointed out above, the purpose of this is to provide for the direct handling of small claims and minor offenses in an accelerated manner so that citizens of the county can have access to a court where their grievances can be heard and their violations disposed of in both civil and criminal manners in a speedy and direct manner. We see no inference, however, that it was the Legislature's intent to provide for exclusive jurisdiction of the designated court over those matters.

■ It is Relator's contention that the Legislature's expression in Ind.Code § 33–5–2–8, that jurisdiction of the minor offenses and violations docket of *all* class D felonies, *all* misdemeanor cases, *all* infraction cases, and *all* ordinance violation cases, means that this docket is to have jurisdiction over all of these cases to the exclusion of any other court in the county. We find Respondent's contention to be correct that "all" in the context used in this statute merely describes the boundary of

matters to be heard in the minor offenses and violation docket. It provides that in this docket, all cases falling in those categories can be heard therein. These provisions allowing for special handling of small claims and minor violations are apparent in both the civil and criminal dockets. Jurisdiction is given to the small claims docket for causes involving under three-thousand ($3,000.00) dollars. Also contained is a provision enabling a plaintiff to reduce his claim to that amount to bring it within the jurisdiction of the small claims docket. It also provides for a defendant's taking the claim out of the small claims docket by demanding a jury trial and paying the $10.00 fee. There is no expression on the civil or criminal side that exclusive jurisdiction is given to the court having the special dockets over all of the other courts in the county. In fact, the Legislature's expression is to the contrary.

■ When the Legislature has intended a particular court to have exclusive jurisdiction it has said so. Ind.Code § 33–5–25–5 (Burns, 1985), establishing the jurisdiction of the Hendricks Superior Courts, provides that each of the superior courts will have original and concurrent jurisdiction in all criminal cases and proceedings. This section particularly designated that neither of the superior courts will have jurisdiction of the juvenile court. That jurisdiction is in the circuit court. It further and directly provided that Hendricks Superior Court No. 1 will have "original, exclusive jurisdiction" in all probate matters, designating them in detail. With these exceptions, that statute also provided that each superior court has original and concurrent jurisdiction with the civil court in all civil actions and proceedings at law and in equity. Further, in Ind.Code § 33–4–4–3 (Burns, 1985), the Legislature provides "(a) The circuit court has original jurisdiction in all civil cases and in all criminal cases, except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." A thorough examination of Title 33 reveals that when the Legislature intends to give exclusive

jurisdiction to a particular court in a county, it expressly does so. In this manner, a particular court in a given county is given juvenile, criminal, or probate jurisdiction. There is no such express exclusive jurisdiction given to Superior Court No. 2 in Hendricks County. We must conclude then that the Hendricks Circuit Court and Hendricks Superior Courts 1 and 2 all have concurrent jurisdiction over class D felonies and misdemeanors.

Petitions for writs of mandamus and prohibition are denied.

DeBRULER, SHEPARD and DICKSON, JJ., concur.

GIVAN, C.J., dissents without opinion.