**Marshall RANDOLPH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45S00–0008–CR–465.**

Supreme Court of Indiana.

Sept. 28, 2001.

Charles E. Stewart, Jr., Appellate Public Defender, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, James A. Joven, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

A jury convicted Marshall Randolph of murder in the shooting death of Anthony Hicks. In this direct appeal, Randolph raises two issues, which we rephrase as: (1) did the trial court err in denying Randolph's motion for a mistrial; and (2) was the evidence sufficient to negate Randolph's claim of self-defense. We affirm.

### Facts

The essential facts of this tragic and senseless killing are as follows. In the evening hours of August 1, 1998, Randolph approached a group of young men that included Hicks and inquired which one of the group had been "messing with" his sister. R. at 269, 368. The record shows that earlier in the day Marcus Holloway, a member of the group, allegedly made an untoward remark directed at Randolph's sister. After an exchange of words between Holloway and Randolph, the matter seemed to have been closed when Randolph said, "You don't mess with my sister and my sister won't mess with you." R. at 270. However, Randolph continued his belligerence exclaiming, "Next time I come out here. It is not going to be talking." R. at 270. At that point Hicks intervened and asked why Randolph had come into his neighborhood starting trouble and that no one had bothered Randolph's sister. The two then exchanged words, and Randolph produced a handgun pointing it at Hicks. When Hicks raised his hands saying, "Do what you got to do," Randolph fired three times. R. at 372. Hicks died as a result of a gunshot wound to the chest. Randolph was eventually arrested and charged with murder. After a jury trial he was convicted as charged, and the trial court sentenced him to fifty-two years imprisonment. This direct appeal followed.

### Discussion

#### I.

■ Randolph contends the trial court erred in denying his motion for a mistrial. The facts are these. In its case in chief, the State called to the stand investigating officer Danny Sorbello. The officer testified that during the course of his investigation he obtained the name of Randolph as a potential suspect in the shooting of Hicks. The following exchange then occurred:

Q. Did there come a point when you went looking for the suspect that you had, Marshall Randolph?

A. After myself and Sergeant Gault got the name of the possible suspect, we

then went to our B of I and we looked this individual up to see if we can get a picture of him so that we would know who we would be looking for and we weren't able to get a picture—

R. at 221–22. At that point defense counsel objected, asked to approach the bench, and outside the presence of the jury moved for a mistrial. The trial court denied the motion but agreed to give "any kind of admonition you like or none if you'd like that." R. at 228. Counsel declined the offer of an admonishment saying it would likely rather hurt than help. R. at 228–29. In this appeal, Randolph contends the trial court committed reversible error in denying the mistrial motion.

■■■ "A mistrial is an extreme remedy that is warranted only when less severe remedies will not satisfactorily correct the error." *Warren v. State*, 725 N.E.2d 828, 833 (Ind.2000). "A timely and accurate admonition is presumed to cure any error in the admission of evidence." *Heavrin v. State*, 675 N.E.2d 1075, 1084 (Ind.1996) (quotation omitted). However, refusal of an offer to admonish the jury constitutes a waiver of any error in the denial of the motion. *Boyd v. State*, 430 N.E.2d 1146, 1149 (Ind.1982); *Hicks v. State*, 272 Ind. 350, 397 N.E.2d 973, 975 (1979); *see also Walker v. State*, 497 N.E.2d 543, 544 (Ind. 1986) (finding trial court did not abuse its discretion in denying motion for mistrial where defendant declined trial court's request to admonish the jury). Because Randolph refused the trial court's offer to admonish the jury, the issue is waived for review.

■■■ Waiver notwithstanding, Randolph cannot prevail on the merits of his claim. The decision to grant or deny a motion for a mistrial lies within the discretion of the trial court. *Ortiz v. State*, 741 N.E.2d 1203, 1205 (Ind.2001). The trial court's determination will be reversed only where an abuse of discretion can be established. *Wright v. State*, 593 N.E.2d 1192, 1196 (Ind.1992). To prevail, the appellant must establish that he was placed in a position of grave peril to which he should not have been subjected. *Mickens v. State*, 742 N.E.2d 927, 929 (Ind.2001).

■■■ Use of the term "mug shot" is generally prohibited because it may be indicative of prior criminal history. *Coleman v. State*, 490 N.E.2d 325, 328 (Ind. 1986); *Vanzandt v. State*, 731 N.E.2d 450, 454 (Ind.Ct.App.2000), *trans. denied*. In this case the record is clear that the officer did not use the term "mug shot," and in his brief to this Court Randolph makes no such claim. Rather, he contends that the effect of the officer's testimony was "to suggest to the jury that the defendant has a prior criminal record." Br. of Appellant at 6. We disagree. Instead, the record supports just the opposite. The officer testified that although he looked, he was unable to find Randolph's picture at the "B of I." R. at 222. Assuming, as counsel argued at trial, that the jury was aware the acronym stood for "Bureau of Investigation," it is more likely than not the jury concluded Randolph had no criminal record. Randolph has not shown that he was placed in a position of grave peril necessitating a mistrial. We thus find no error on this issue.

II.

■■■ Randolph next contends the State failed to negate his claim of self-defense. Pointing to his own testimony in support, Randolph alleges he only produced his handgun after he saw Hicks draw what he believed was a gun.

■■■ A valid claim of self-defense is legal justification for an otherwise criminal act. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind.2000). When a defendant raises the

claim of self-defense, he is required to show: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or great bodily harm. *Id.* The issue on appellate review is typically whether the State presented sufficient evidence to support a finding that at least one of the elements of the defendant's self-defense claim was negated. *Id.* The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Id.* We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

 One of the State's key witnesses, Marcus Holloway, testified that Hicks raised his hands when Randolph pointed his weapon. R. at 372. In turn, the only evidence supporting a claim of self-defense was Randolph's own testimony. Further, firing multiple shots undercuts a claim of self-defense. *Mayes v. State,* 744 N.E.2d 390, 395 n. 2 (Ind.2001). Three eyewitnesses testified that Randolph fired multiple shots at Hicks. R. at 174–75, 273, 373. The jury was free to disbelieve Randolph's self-serving testimony, which it apparently did.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and SULLIVAN, J., concur.

DICKSON, J., and BOEHM, J., concur as to Part II and concur in result as to Part I believing that refusal to accept an

admonition waives the issue only if the admonition would cure the problem.