Margaret WILHELM and All Other Occupants, Appellants–Defendants,

v.

MADISON VILLAGE, MHC, LLC, Appellee–Plaintiff.

No. 39A01–0607–CV–303.

Court of Appeals of Indiana.

April 17, 2007.

James C. Spencer, Indianapolis, IN, Thomas M. Dattilo, Dattillo Law Office Madison, IN, Attorneys for Appellants.

Nancy C. Jacobs, Jenner, Auxier & Jacobs, LLP, Madison, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Margaret Wilhelm rented a lot for her mobile home at Madison Village, MHC, LLC ("the Village"). The Village sought to evict her and the other residents of her mobile home (collectively "Wilhelm") and it obtained a judgment after Wilhelm failed to appear at a hearing. She now appeals the denial of her motion to set aside the order of eviction and a money judgment in favor of the Village. The Jefferson Circuit Court had jurisdiction over the Village's action, and Wilhelm did not establish a right to relief from the judgment. We accordingly affirm.

1. The first motion was brought *pro se.* The

## FACTS AND PROCEDURAL HISTORY

In January of 2006, the Village brought a complaint to evict Wilhelm from the mobile home park. The Village alleged she was in arrears in her rent and sought eviction, back rent, attorney's fees, and court costs. Wilhelm was served but did not appear, and on March 2, 2006, the court entered an order that Wilhelm leave the property in two weeks and pay rent, a filing fee, and attorney's fees.

Two weeks after the order was issued Wilhelm moved to set it aside. After a hearing the trial court denied the motion, but directed the Village to credit the amount Wilhelm had paid against the Village's judgment. It again ordered Wilhelm to leave in two weeks.

On April 19, 2006, Wilhelm brought another motion[1] to set aside the March 2 order, claiming "mistake and excusable neglect and possibly fraud" on the part of the Village's agent. Wilhelm claimed she had, on February 21, 2006, paid the Village $466.43 and was told "everything was all right and [the Village's agent] would inform the attorney." (App. at 18.) She also alleged other payments had been made in October and November of 2005 that should have reduced the amount of the arrearage. After a hearing the court denied the motion on the ground Wilhelm had not demonstrated the facts giving rise to the possible fraud were unknown to her at the time of trial. Wilhelm's motions to reconsider and to correct error were also denied.

## DISCUSSION AND DECISION

1. *Jurisdiction of Circuit Court*

 Wilhelm asserts the Jefferson Circuit Court did not have jurisdiction over

second was brought by counsel.

the Village's action because the action for eviction and recovery of a rent arrearage of about $500 was instead within the jurisdiction of the Jefferson Superior Court's small claims docket. As the Circuit Court has concurrent jurisdiction, we find no error.

A circuit court has original jurisdiction in all civil cases except where exclusive jurisdiction is conferred by law on other courts of the same territorial jurisdiction. Ind.Code § 33–28–1–2. Ind.Code § 33–29–2–4 provides that in a superior court[2] with a small claims division, the small claims docket has jurisdiction over:

(1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand dollars ($6,000). The plaintiff in a statement of claim or the defendant in a counterclaim may waive the excess of any claim that exceeds six thousand dollars ($6,000) in order to bring it within the jurisdiction of the small claims docket.

(2) Possessory actions between landlord and tenant in which the rent due at the time the action is filed does not exceed six thousand dollars ($6,000).

(3) Emergency possessory actions between a landlord and tenant under IC 32–31–6.

Wilhelm's argument is foreclosed by *State ex rel. Adams v. Hendricks Circuit Court,* 497 N.E.2d 546 (Ind.1986), which addressed the effect of the creation of a new court in Hendricks County. In 1978, the legislature abolished the County Court in Hendricks County and created an additional Superior Court. The jurisdiction of the courts was then provided for in Ind. Code § 33–5–25–5, which established in the already existing superior court "origi-

nal, exclusive jurisdiction" in probate, adoption, and certain other matters. As to civil actions by or against personal representatives there would be concurrent jurisdiction with the Hendricks Circuit Court and the new superior court. Otherwise, each superior court would have original and concurrent jurisdiction with the circuit court "in all civil actions and proceedings at law and equity...." Ind.Code § 33–5–25–5.

The legislature established in the new Hendricks Superior Court a small claims and misdemeanor division. At that time, provisions for handling minor offenses and violations were set out in Ind.Code § 33–5–2–8:

(a) The minor offenses and violations docket has jurisdiction over the following:

(1) *All* class D felony cases.

(2) *All* misdemeanor cases.

(3) *All* infraction cases.

(4) *All* ordinance violation cases.

(Emphasis supplied.) The legislature provided, for those counties where there are no superior courts or county courts, that circuit courts would have a small claims and misdemeanor division similar to that provided for the superior courts. Ind. Code § 33–4–3–5.

Adams contended the "minor offenses" docket was intended to have jurisdiction over all such cases to the exclusion of any other court in the county. The Court noted there is a special handling of small claims and minor offenses by at least one court in each county. 497 N.E.2d at 548. The purpose was to provide direct handling of small claims and minor offenses in an accelerated manner, so citizens could

---

**2.** The Village directs us to Ind.Code § 33–28–3–4, which addresses small claims jurisdiction in counties where the *circuit courts* have small claims divisions. In Jefferson County, the small claims court is a division of the superior court. Ind.Code § 33–33–39–5.

have their grievances heard and their violations adjudicated in a speedy and direct manner. *Id. "We see no inference, however, that it was the Legislature's intent to provide for exclusive jurisdiction of the designated court over those matters." Id.* (emphasis supplied).

Our Supreme Court determined "all" in the context used in that statute "merely describes the boundary of matters to be heard in the minor offenses and violation docket. It provides that in this docket, all cases falling in those categories can be heard therein." *Id.* But the Court found nothing to indicate exclusive jurisdiction was given to the court having the special dockets over all the other courts in the county. "In fact, the Legislature's expression is to the contrary. When the Legislature has intended a particular court to have exclusive jurisdiction it has said so." *Id.*

Both the former statute, Ind.Code § 33–4–4–3 and the current statute, Ind.Code § 33–28–1–2, provide that "The circuit court has original jurisdiction in all civil cases and in all criminal cases, except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." The Court again noted "when the Legislature intends to give exclusive jurisdiction to a particular court in a county, it expressly does so." 497 N.E.2d at 548. No such express exclusive jurisdiction was given to the new superior court in Hendricks County. "We must conclude then that the Hendricks Circuit Court and Hendricks Superior Courts 1 and 2 all have concurrent jurisdiction over class D felonies and misdemeanors." *Id.* at 549.

The legislature has not expressly provided exclusive jurisdiction over small claims to the Jefferson Superior Court's small claims division. We accordingly must conclude the Jefferson Circuit and Superior Courts have concurrent jurisdiction over small claims actions such as the one before us. The Jefferson Circuit Court had jurisdiction to hear the Village's suit.

2. *Denial of Motion for Relief from Judgment*

Under Ind. Trial Rule 60(B), a court may relieve a party from a default judgment for a variety of reasons including mistake, surprise, excusable neglect, and fraud. In making its decision on such a motion, the trial court is required to balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation. *Crafton v. Gibson*, 752 N.E.2d 78, 83 (Ind.Ct. App.2001). The grant or denial of a T.R. 60(B) motion for relief from judgment is left to the sound discretion of the trial court. *State v. Willits*, 773 N.E.2d 808, 811 (Ind.2002). On review, we will reverse only if the trial court abused its discretion. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

Wilhelm argues she is entitled to relief from judgment because the Village did not advise the court of a partial payment she made.[3] There was testimony that a week before the hearing on the Village's com-

---

**3.** At the hearing on the motion to set aside the trial court's order, Wilhelm alleged fraud as the basis for her motion. The trial court found for the Village because Wilhelm did not show the facts giving rise to the alleged fraud were unknown to her at the time of the trial.

On appeal Wilhelm does not explicitly allege fraud, nor does she argue the elements of fraud were satisfied. Rather, she argues the trial court's "unduly harsh result," (Br. of Appellant at 13), was an abuse of the trial court's equitable discretion.

plaint, Wilhelm paid some, but not all, of the rent arrearage, and the Village representative told Wilhelm "everything was okay," (Tr. at 6), and the representative would contact the lawyer. (*Id.* at 4.) The Village's representative testified the payment did not make Wilhelm current in her rent payments, she did not tell Wilhelm she would contact the lawyer, and she did not tell Wilhelm not to attend the hearing. She testified the partial payment was not posted because the Village had already filed suit. The trial court did later order the partial payment credited against the Village's judgment.

Wilhelm asserts the partial payment left a remaining unpaid balance of only about $50.00, and therefore

> eviction of the Wilhelms and the associated costs of moving their trailer from the trailer park is an unduly harsh result. The amount to be gained by Madison Village by keeping the judgment in place is outweighed by the injustice of forcing the Wilhelms to pack up their trailer and move.

(Br. of Appellant at 12–13.)

The court heard testimony that Wilhelm's partial payment did not cover the rent arrearage, that Wilhelm was not told her rent was current, and that she was not told it would be unnecessary for her to appear in court to contest the arrearage. There was also testimony the remaining arrearage was about $480, and not $50. In light of the evidence, which we may not reweigh, we cannot find an abuse of discretion in the denial of Wilhelm's motion to set aside the order.

## CONCLUSION

The Jefferson Circuit Court had jurisdiction over this small claims action and we cannot say the trial court abused its discretion in declining to set aside the

judgment against Wilhelm. We accordingly affirm.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.