**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 03 2012, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BECKY SCHAFFER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CR-826 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Richard E. Sallee, Judge
Cause No. 49G16-1105-CM-35989

**April 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Becky Schaffer appeals her convictions for Class A misdemeanor Domestic Battery[1] and Class A misdemeanor Battery.[2] Specifically, Schaffer contends that the evidence is insufficient to support her convictions and to negate her claim that she acted in defense of her property. We affirm.

## FACTS AND PROCEDURAL HISTORY

Prior to May of 2011, Schaffer and Daniel Schaffer, Jr. ("Husband") were married and resided together in an Indianapolis-area home (the "marital residence"). At some point, Schaffer and Husband began experiencing marital difficulties, and on May 18, 2011, Husband left the marital home.

Three days later, Husband, accompanied by his father, Daniel Schaffer, Sr. ("Daniel, Sr."), returned to the marital residence to collect his personal property, including a gaming computer, a drum kit, and clothing. Upon entering the marital residence, Husband proceeded to pick up the gaming computer. Schaffer knocked the computer out of his hands. When Husband attempted to again pick up the gaming computer, Schaffer jumped on Husband's back, struck him, and began clawing and scratching him.

A few minutes after Husband entered the home, Daniel, Sr. entered the home. Upon entering the home, Daniel, Sr. saw Shaffer attacking Husband. Daniel, Sr. told Shaffer to "back off." Tr. p. 25. When Schaffer did not comply with his request, Daniel, Sr. put his arms around her and pulled her from Husband. Schaffer continued to struggle and scratched

---

[1] Ind. Code § 35-42-4-9(A)(1) (2009).
[2] Ind. Code § 35-42-4-9(A)(1) (2009).

Daniel, Sr.'s forearm, causing it to bleed. Eventually, Shaffer calmed down, at which point Daniel, Sr. released her. At some point, Indianapolis Metropolitan police officer Matthew Morgan arrived. Officer Morgan observed the injury to Daniel, Sr.'s arm and scratches, bruising, and red marks on Husband's back.

On May 21, 2011, the State charged Shaffer with one count of Class A misdemeanor domestic battery and two courts of Class A misdemeanor battery. On August 19, 2011, the trial court conducted a bench trial. During trial, Shaffer argued that she should be found not guilty because she acted in defense of her property and testified to that effect. The trial court disagreed and found her testimony relating to the events in question was incredible. After considering what it found to be credible evidence, the trial court found Shaffer guilty as charged. The trial court merged one of the Class A misdemeanor battery convictions into the Class A misdemeanor domestic battery conviction and sentenced Shaffer to two concurrent terms of 180 days with 168 days suspended to probation. This appeal follows.

## DISCUSSION AND DECISION

### I. Whether the Evidence is Sufficient to Sustain Schaffer's Class A Misdemeanor Domestic Battery and Class A Misdemeanor Battery Convictions

Schaffer contends that the evidence is insufficient to support her convictions for Class A misdemeanor domestic battery and Class A misdemeanor battery.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction…. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

3

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). Inconsistencies in witness testimony go to the weight and credibility of the testimony, "the resolution of which is within the province of the trier of fact." *Jordan v. State*, 656 N.E.2d 816, 818 (Ind. 1995). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

### A. Class A Misdemeanor Domestic Battery

Indiana Code section 35-42-2-1.3 provides in relevant part that:

> (a) A person who knowingly or intentionally touches an individual who:
> (1) is or was a spouse of the other person;
> (2) is or was living as if a spouse of the other person as provided
> in subsection (c); or
> (3) has a child in common with the other person;
> in a rude, insolent, or angry manner that results in bodily injury to the person
> described in subdivision (1), (2), or (3) commits domestic battery, a Class A
> misdemeanor.

Indiana Code section 35-41-1-4 defines bodily injury as "any impairment of physical condition, including physical pain." Scratches, bruises, and red marks are sufficient to establish bodily injury. *See Hanic v. State*, 406 N.E.2d 335, 337-38 (Ind. Ct. App. 1980) (providing that evidence of red marks, bruises, and minor scratches was sufficient to support a finding of bodily injury). Thus, in order to prove that Schaffer committed Class A misdemeanor domestic battery, the State was required to prove that Schaffer knowingly or intentionally touched Husband in a rude, insolent, or angry manner, and that such touches resulted in bodily injury to him.

4

With respect to Schaffer's Class A misdemeanor domestic battery conviction, the record demonstrates that Schaffer and Husband were married and that the couple resided together until May 18, 2011, when Husband left the marital residence due to marital discord. On May 21, 2011, Husband returned to the marital residence to collect some of his personal belongings. As Husband attempted to remove his gaming computer, Schaffer knocked the computer out of his hands. When Husband attempted to pick up the gaming computer, Schaffer jumped on Husband's back, struck him, and began clawing and scratching him. As a result of Schaffer's actions, Husband suffered scratches, bruising, and red marks on his back. We conclude that the trial court could reasonably infer from this evidence that Schaffer knowingly or intentionally touched Husband in a rude, insolent, or angry manner resulting in bodily injury. *See id.* As such, the evidence is sufficient to sustain Schaffer's conviction for Class A misdemeanor domestic battery.

**B. Class A Misdemeanor Battery**

Indiana Code section 35-42-2-1 provides in relevant part that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." "However, the offense is … a Class A misdemeanor if … it results in bodily injury to any other person." Ind. Code section 35-42-2-1. Again, Indiana Code section 35-41-1-4 defines bodily injury as "any impairment of physical condition, including physical pain," and scratches, bruises, and red marks are sufficient to establish bodily injury. *See Hanic*, 406 N.E.2d at 337-38. Thus, in order to prove that Schaffer committed Class A misdemeanor battery, the State was required to prove

that Schaffer knowingly or intentionally touched Daniel, Sr. in a rude, insolent, or angry manner, and that such touches resulted in bodily injury to him.

With respect to Schaffer's Class A misdemeanor battery conviction, the record demonstrates that Daniel, Sr. told Shaffer to "back off" when he entered the home and saw Schaffer attacking Husband. Tr. p. 25. When Schaffer did not comply with his request, Daniel, Sr. put his arms around her and pulled her off of Husband. Schaffer continued to struggle and scratched Daniel, Sr.'s forearm, causing it to bleed. Eventually, Shaffer calmed down, at which point Daniel, Sr. released her. We conclude that the trial court could reasonably infer from this evidence that Schaffer knowingly or intentionally touched Daniel, Sr. in a rude, insolent, or angry manner resulting in bodily injury. *See Hanic*, 406 N.E.2d at 337-38. As such, the evidence is sufficient to sustain Schaffer's conviction for Class A misdemeanor battery.

## II. Whether the Evidence is Sufficient to Negate Schaffer's Defense of Property Claim

Concluding that the evidence was sufficient to sustain Schaffer's convictions for Class A misdemeanor domestic battery and Class A misdemeanor battery, we must next consider whether the evidence was sufficient to negate Schaffer's claim that she acted in defense of her property. Indiana Code section 35-41-3-2(c) provides as follows:

> With respect to property … a person is justified in using reasonable force against another person if the person reasonably believes that the force is necessary to immediately prevent or terminate the other person's trespass on or criminal interference with property lawfully in the person's possession, lawfully in possession of a member of the person's immediate family, or belonging to a person whose property the person has authority to protect.

6

A claim of defense of property is analogous to the defense of self-defense. *Hanic*, 406 N.E.2d at 339.

"'A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force." *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003) (quoting Ind. Code § 35-41-3-2 (2001)). A claim of self-defense requires a defendant to have acted: 1) without fault; 2) been in a place where he had a right to be; and 3) been in reasonable fear or apprehension of bodily harm. *Id.* The amount of force used to protect oneself must be proportionate to the urgency of the situation. *Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999).

> The issue on appellate review is typically whether the State presented sufficient evidence to support a finding that at least one of the elements of the defendant's self-defense claim was negated. [*Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000).] The standard of review for a challenge to the sufficiency of the evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Id.* We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

*Randolph v. State*, 755 N.E.2d 572, 575-76 (Ind. 2001).

At trial, Schaffer testified about the day in question stating that Husband overpowered her as she attempted to keep him from entering the home and began ripping various electronic devices from the wall without unplugging them. With respect to the gaming computer, Schaffer testified that she knocked the gaming computer out of Husband's hands in an attempt to stop him from taking it because she believed that it was their "personal property together." Tr. p. 59. Schaffer indicated that she acted to protect her property

7

because she was in fear of Husband. Thus, Schaffer claims that she established that she acted in defense of her property because she was in a place where she had a right to be, acted without fault, and had a reasonable fear of bodily harm. *See Henson*, 786 N.E.2d at 277. We disagree.

At the conclusion of the evidence, with respect to Schaffer's testimony, the trial court stated that "[a]s a matter of credibility," it did not believe Schaffer. Tr. p. 74. The trial court further stated that in a bench trial, the trial court has the duty to decide who to believe, and, here, the trial court acting as the trier of fact, "ha[d] that right and I just don't believe her. I mean, I don't know why he had, her husband had injuries all over his back, and you know, all she's trying to do is knock the computer out of his hand. It doesn't make sense." Tr. pp. 74-75. Thus, because we will not reweigh the evidence or credibility of the witnesses on appeal, we must consider whether Schaffer established that she properly acted in defense of her property without relying on Schaffer's version of events that allegedly took place on the day in question. *See Randolph*, 755 N.E.2d at 576.

The evidence most favorable to the judgment does not establish that Schaffer acted in defense of her property. The evidence demonstrates that Schaffer's attack on Husband and Daniel, Sr. was unprovoked. Schaffer knocked a computer out of Husband's hands before jumping on his back and striking and scratching him. Daniel, Sr. was struck and injured when he attempted to stop Schaffer from attacking Husband. Husband merely returned to the marital home to collect personal belongings, including the gaming computer. Husband testified that he believed the gaming computer was his personal property as he had paid for

8

the necessary parts and had put it together. In light of these facts, we cannot say that Schaffer acted without fault in carrying out an unprovoked attack on Husband and Daniel, Sr. when Husband returned to the marital home for the sole purpose of collecting his personal property. *See id.* at 575-76.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.