## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2015, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Brian J. May<br>South Bend, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Justin F. Roebel<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shyheem Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 20, 2015<br><br>Court of Appeals Case No.<br>71A04-1504-CR-333<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable John M.<br>Marnocha, Judge<br><br>Trial Court Cause No.<br>71D02-1403-MR-2 |

**Baker, Judge.**

[1] Shyheem Jones appeals his conviction for Murder,[1] a felony. Jones argues that the evidence was insufficient to rebut his claim of self-defense. Finding the evidence sufficient, we affirm.

## Facts

[2] On March 18, 2014, a group of people met on a street in South Bend to create a music video. At some point, Jones shot Cornell Taylor, who later died of his injuries. On March 19, 2014, the State charged Jones with murder. Jones's jury trial took place from March 23 through March 26, 2015.

[3] At the trial, witnesses offered multiple versions of the incident. Daylin Anderson, a friend of both Jones and Taylor, testified that he was approaching the group of people when he heard shots and saw Jones to his right, holding a gun, and observed Taylor on the ground. Anderson did not hear any yelling, screaming, or requests for help before the shooting. Brilan Williams testified that although he has poor eyesight and could not see what was occurring, he saw arms swinging but heard no screaming, yelling, or calls for help. Williams assumed that the participants were just playing around. He then heard three shots and was hit by a bullet in his shoulder as he was running from the scene.

---

[1] Ind. Code § 35-42-1-1.

[4]    Terrence Patterson, an inmate in a cell adjoining Jones's, testified that Jones had told Patterson that he shot Taylor as revenge because Taylor had killed someone close to Jones. Jones told Patterson that he had been waiting for an opportunity to kill Taylor. Alvin Blade, another inmate who encountered Jones in jail, testified that Jones told Blade that he had shot Taylor because Taylor had been "disrespecting the southeast side." Tr. p. 566.

[5]    Jones asserted a claim of self-defense and testified in support of that claim. He testified that as he approached the group of people on the street, Taylor punched him in the face. Then, according to Jones, multiple people began punching and kicking him. Jones testified that he was punched twenty to thirty times and kicked multiple times. When he saw "a pistol fall out" of someone's clothing and heard someone saying, "[s]hoot that ni**er, shoot that ni**er," he reached for his own gun. *Id.* at 722-23. Jones claims that he fired multiple times without looking while his left arm was covering his eyes. Jones testified that he feared for his life and suffered gashes and knots on his head from the fight. He admits that he never sought medical treatment for the injuries. Jones's girlfriend also testified, corroborating his version of the incident.

[6]    Following the trial, the jury found Jones guilty as charged. On April 22, 2015, the trial court sentenced Jones to fifty-five years imprisonment. Jones now appeals.

# Discussion and Decision

[7] Jones's sole argument on appeal is that the evidence is insufficient to support his conviction. More specifically, he argues that the evidence is insufficient to negate his claim of self-defense.

[8] A valid claim of self-defense is legal justification for an otherwise criminal act. *Coleman v. State*, 946 N.E.2d 1160, 1165 (Ind. 2011). To prevail on a claim of self-defense, a defendant must show that (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or great bodily harm. *Id.* Once the defendant raises a self-defense claim, the State bears the burden of disproving at least one of the necessary elements. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). The standard of review for a challenge to the sufficiency of the evidence rebutting a claim a self-defense is the same as the standard for any sufficiency of the evidence claim. *Randolph v. State*, 755 N.E.2d 572, 576 (Ind. 2001). Therefore, we will neither reweigh the evidence nor assess witness credibility, and we will not disturb the verdict if there is sufficient evidence of probative value supporting the conclusion of the trier of fact. *Id.*

[9] Here, two eyewitnesses testified that they did not hear or otherwise observe[2] any altercation, yelling, screaming, or pleas for help before Jones shot Taylor. Two inmates testified that Jones told them that he killed Taylor intentionally in

---

[2] Williams did testify that he saw arms swinging. But because he did not hear anything indicating an actual altercation, he assumed that people were just playing around.

retaliation for prior acts. While Jones and his girlfriend offered a different version of events, the jury was free to disbelieve their self-serving testimony and, instead, to credit the testimony of the eyewitnesses and the inmates. The evidence in the record is sufficient to rebut Jones's claim of self-defense and, consequently, to support Jones's conviction.

[10] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.